*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIRK HOFF, JR.,

Defendant-Appellant.

UNPUBLISHED
April 25, 2024

No. 362206
St. Joseph Circuit Court
LC No. 21-023734-FH

Before: REDFORD, P.J., and CAMERON and LETICA, JJ.

PER CURIAM.

Defendant, Kirk Hoff, Jr., appeals as of right his jury trial conviction of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(a). Defendant was sentenced to 8 years' to 22 years, 6 months' imprisonment. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant sexually assaulted the 14-year-old victim in May 2020. The victim told her mother about the assault, and the two eventually reported the assault to the police. At trial, the victim testified at length about the sexual assault. The victim's mother also testified regarding what the victim told her about the assault. Defendant was convicted and sentenced as noted. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues his trial counsel was ineffective for failing to impeach the victim's mother with her prior inconsistent statements in the police report. We disagree.

## A. STANDARD OF REVIEW

"The question whether defense counsel performed ineffectively is a mixed question of law and fact[.]" *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "[T]his Court reviews for clear error the trial court's findings of fact and reviews de novo questions of constitutional law." *Id*.

## B. LAW AND ANALYSIS

In order to establish a claim of ineffective assistance of counsel, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness under professional norms and (2) there is a reasonable probability that, but for counsel's errors, the result would have been different and the result that did occur was fundamentally unfair or unreliable." *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Id.* A witness may be impeached by their prior inconsistent statements so long as they are "given an opportunity to explain or deny the statement and an adverse party is given an opportunity to examine the witness about it, or if justice so requires." MRE 613(b).

We first note that we may not consider the police report on appeal, because it was not admitted into evidence. See, e.g., *People v Powell*, 235 Mich App 557, 561 n 4; 599 NW2d 499 (1999) (declining to consider facts not in the lower court record "because it is impermissible to expand the record on appeal."). However, even if we were to consider the police report, defendant has failed to demonstrate his trial counsel was ineffective. Defendant contends trial counsel should have used the police report to undermine the credibility of the victim's mother. Trial counsel's failure to do so allowed the victim's mother to bolster the victim's credibility. However, the statements at issue concern only when the victim told her mother about the assault and how long after this disclosure they waited before going to the police. Defendant's trial strategy was to deny the allegations altogether. Therefore, the key determination the jury made in this case was whether a sexual assault occurred, not when the victim first disclosed it to her mother. While impeaching the victim's mother with a prior inconsistent statement about when the victim disclosed the assault may have undermined her credibility as to the timing of the disclosure, it would have had limited probative value as to the jury's determination of the victim's veracity that the assault *happened*. Beyond that, the victim was consistent in her testimony of when the assault happened. There is thus no evidence that trial counsel's performance was unreasonable or that impeaching the victim's mother would have changed the outcome of the proceedings.

## II. HEARSAY

Defendant next argues the trial court erred by admitting the testimony of the victim's mother about the victim's out-of-court disclosure about the assault because it was inadmissible hearsay. We disagree.

## A. STANDARD OF REVIEW

"We review the trial court's decision to admit evidence for an abuse of discretion." *People v Duenaz*, 306 Mich App 85, 94; 854 NW2d 531 (2014). "The trial court's decision is an abuse of discretion when the result is outside the range of principled outcomes." *Id.* "[W]e review de novo preliminary questions of law regarding whether a statute or evidentiary rule applies." *Id.*

## B. LAW AND ANALYSIS

Hearsay is an out-of-court statement offered to "prove the truth of the matter asserted[.]" MRE 801(c). It is inadmissible unless an exception applies. MRE 802. Defendant challenges a single sentence made during direct examination. Specifically, the victim's mother testified that

the victim told her defendant "was touching her inappropriately[,]" and "had forced himself on her and he was touching her in places she shouldn't be touched[.]"

The challenged statements were hearsay. They were clearly out-of-court statements by the victim, and the context of the proceedings below indicate the prosecution offered them for the truth of the matters they asserted. When defense counsel objected to the statements, the prosecution claimed they were admissible as a "first disclosure made by the victim[,]" which appears to be an inartfully worded argument for admission under MRE 803A. The prosecution concedes on appeal, however, that MRE 803A is inapplicable in this case. MRE 803A, known as the tender years exception, permits hearsay testimony about sexual assault in certain circumstances. MRE 803A is inapplicable in this case, because the victim was 14 years old at the time she disclosed the assault to her mother, and MRE 803A is inapplicable unless "the declarant was under the age of ten when the statement was made[.]" MRE 803A(b)(1). MRE 803A is an exception to the hearsay rule, and the prosecution's reliance on it at trial demonstrates that the statements were indeed offered for their truth. The trial court's after-the-fact curative instruction does not negate the prosecution's intent.

However, while the statements were hearsay and improperly admitted, any error was harmless.[1]

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court, after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice. [MCL 769.26.]

"In making this determination for preserved, non-constitutional error, this Court asks whether, absent the error, it is more probable than not that a different outcome would have resulted." *People v Gursky*, 486 Mich 596, 619; 786 NW2d 579 (2010) (quotation marks and citation omitted). "The burden is on the defendant to show that the error resulted in a miscarriage of justice." *Id*. (citation omitted). Where the error did not result in a miscarriage of justice and a defendant cannot meet this burden, we have deemed the error 'harmless' and thus not meriting reversal of the conviction." *Id*. (citations omitted).

---

[1] On appeal, the prosecution argues the learned trial court judge rectified the error later during the testimony of the victim's mother with the following limiting instruction:

> I just want to clarify with you. There was a technical issue involving hearsay. Her statements as to what [JH] told [her] you cannot take for the truth of it, it's not admissible, it is hearsay, so it's not allowed but it's rather to express what happened next. She told me this and then we did this. It's to give context to it but you can't take it as testimony as to what happened actually, rather that's what she said.

However, because any error was harmless, we decline to address this argument on appeal.

"[T]he admission of a hearsay statement that is cumulative to in-court testimony by the declarant can be harmless error, particularly when corroborated by other evidence." *Id*. at 620 (citations omitted).

> This Court has cautioned, though, that the fact that the statement [is] cumulative, standing alone, does not automatically result in a finding of harmless error. . . . [Instead, the] inquiry into prejudice focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence. [*Id*. (quotation marks and citation omitted, alterations in original).]

"In a trial where the evidence essentially presents a one-on-one credibility contest between the victim and the defendant, hearsay evidence may tip the scales against the defendant, which means that the error is more harmful." *Id*. at 620-621 (citation omitted). "However, if the declarant [herself] testified at trial, any likelihood of prejudice was greatly diminished because the primary rationale for the exclusion of hearsay is the inability to test the reliability of out-of-court statements[.]" *Id*. at 620 (quotation marks and citations omitted, second alteration in original). "Where the declarant [herself] testifies and is subject to cross-examination, the hearsay testimony is of less importance and less prejudicial." *Id*.

The victim testified at length about the same statements that defendant challenges as hearsay when they were restated by her mother. Even if the admission of the challenged hearsay statements was an abuse of discretion, given the fact that the victim testified on her own behalf, and provided testimony, with specificity, about what she said when she disclosed the assault to her mother, this admission was harmless. Furthermore, defendant's own statements also support the victim's testimony and render the hearsay statements merely cumulative. The victim's mother testified that, when she confronted defendant, he began to cry, said he did not "know why [he] did it," and admitted he "touched [the victim] inappropriately" by "kiss[ing] and . . . fondl[ing] her." The few hearsay statements at issue paled in comparison to the significance of the victim's and defendant's own testimonies. The overwhelming admissible testimony against defendant renders any error in admitting these few hearsay statements harmless.

Affirmed.

/s/ James Robert Redford
/s/ Thomas C. Cameron
/s/ Anica Letica

-4-